**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MATTHEW A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-536-BMJ |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Matthew A. Davis, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding he was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 15], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.     Procedural Background

On February 11, 2014, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 12. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 54, 68. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated September 18, 2015. AR 9-29. The Appeals Council

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

denied Plaintiff's request for review.  AR 1-6.  Thus, the decision of the ALJ became the final

decision of the Commissioner.  Plaintiff seeks judicial review of this final agency decision.

## II.    The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations.  *See*

*Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential

evaluation process); *see also* 20 C.F.R. § 404.1520.  The ALJ first determined Plaintiff had not

engaged in substantial gainful activity since February 11, 2014, the amended alleged onset date.

AR 14.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of

malignant tumor, depressive disorder, anxiety disorder, and substance abuse.  AR 15.[2]  At step

three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments

listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 15-17.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform medium
> work as defined in 20 CFR 404.1567(c) as follows:
>
> He can lift/carry up to 50 pounds occasionally, 25 pounds
> frequently; push/pull limitations are consistent with lift/carry
> limitations; stand/walk for six hours out of an eight-hour workday;
> sit for eight hours out of an eight-hour workday; can perform simple,
> routine and repetitive tasks; must be in a habituated work setting and
> object oriented setting; only superficial contact with co-workers and
> supervisors and no contact with the public.

AR 17-24.  The ALJ determined Plaintiff was unable to perform any past relevant work.  AR 24.

Relying on the testimony of a vocational expert (VE), the ALJ found there were other jobs that

existed in significant numbers in the national economy that Plaintiff could perform—hand

---

[2] The ALJ also found Plaintiff had non-severe impairments of migraines, occipital neuralgia,
gastroesophageal reflux disease, and scoliosis.  AR 15.

packager, warehouse worker, and kitchen helper. AR 24-25. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 25.

### III.    Issues Presented for Judicial Review

Plaintiff contends the ALJ erred in weighing the opinion evidence regarding his mental conditions from his treating physician, the consultative examiner, and the state-agency physicians. Plaintiff also asserts the RFC assessment was not supported by the evidence. The Court finds that the ALJ erred in weighing the opinion of his treating physician. The Court does not reach the Plaintiff's other allegations.

### IV.    Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V.     Analysis

### A.     The ALJ Erred in Weighing Dr. Fidel's Opinion

#### 1.     Standards Governing Treating Physician Opinions

A sequential, two-step inquiry governs an ALJ's evaluation of the medical opinions of a claimant's treating physician. The two-step inquiry is mandatory and each step of the inquiry is "analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). First, the ALJ must decide whether the opinion is entitled to "controlling weight." If the opinion is "well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record," then the opinion must be given controlling weight. *Id.* A deficiency in either of these areas requires that the opinion not be given controlling weight. *Id.*

When a treating physician opinion is not entitled to controlling weight, the inquiry does not end. The opinion is still entitled to deference. Thus, at the second step of the inquiry, "the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id.* As the Tenth Circuit has made clear: "[i]f this is not done, a remand is required." *Id.* The relevant factors governing the second step of the inquiry include: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other

factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id*. at 1331 (citation omitted).

The treating physician rule is founded on the treating physician's unique perspective to the medical evidence due to both the duration and frequency of the treatment relationship. *Doyal*, 331 F.3d at 762. The rule "is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Id*. (citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2) (addressing weight given to treating source due to his or her "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

### 2. Dr. Fidel's Mental Medical Source Statement

Dr. Marcus Fidel, M.D., completed a mental medical source statement on June 18, 2015. AR 499-501. The ALJ noted that Dr. Fidel was Plaintiff's treating psychiatrist and summarized the findings of Dr. Fidel's statement. AR 22. Plaintiff had five areas of moderate limitations, seven areas of marked limitations, and a severe limitation. AR 22, 499-501. Dr. Fidel also noted that Plaintiff had difficulty with memory and concentration, a depressed mood, and an inability to tolerate stressors. AR 22, 499-501. The report noted that Plaintiff's conditions were expected to last for twelve months or longer and that while Plaintiff abused cannabis, Plaintiff would continue to have the same limitations if he were not doing drugs.[3] AR 501.

---

[3] The ALJ noted Plaintiff's abuse of cannabis, but he did not include the notation that Plaintiff would have the same limitations if he were not using drugs or that Plaintiff's conditions were expected to last for twelve months or longer. AR 22.

### 3. The ALJ's Analysis of Dr. Fidel's Opinions

The ALJ addressed Dr. Fidel's opinion as follows:

> Dr. Fidel, [Plaintiff's] treating psychiatrist, did complete a mental medical source statement in June 2015. He did find him to have marked limitations in seven areas and one severe limitation. This assessment was made during the time [Plaintiff] was being treated for cancer and therefore, his mental condition was deteriorated due to his physical condition. There have been no additional records from Dr. Fidel since he completed his radiation treatment. Under these circumstances, Dr. Fidel's opinion is given only some weight.

AR 23 (internal citation omitted). In other words, the only reason given for assigning some weight to Dr. Fidel's opinion was that the assessment was completed when Plaintiff was undergoing cancer treatment. Plaintiff argues the ALJ impermissibly weighed the medical opinion based on his own credibility judgment or lay opinion. The Court agrees.

"[A]n ALJ cannot substitute [his] lay opinion for that of a medical professional." *Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007); *see also Winfrey v. Chater*, 92 F.3d 1017, 1022 (10th Cir. 1996) ("[T]he ALJ clearly overstepped his bounds when he substituted his medical judgment for that of Dr. Spray."); *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987) ("While the ALJ is authorized to make a final decision concerning disability, he can not interpose his own 'medical expertise' over that of a physician, especially when that physician is the regular treating doctor for the disability applicant."). Here, without citing Dr. Fidel's report or other evidence in support of the position,[4] the ALJ assumed that the Plaintiff's mental condition was in a temporarily deteriorated state due to his cancer treatment. To the contrary, Dr. Fidel's opinion stated that

---

[4] Earlier in the decision, the ALJ cited a medical record from May 27, 2015, indicating that Plaintiff was "extremely distraught over the diagnosis of cancer, which is creating severe emotional problems." AR 22, 531. The medical record did not indicate that Plaintiff's "severe emotional problems" were expected to be limited to the time of Plaintiff's cancer diagnosis and treatment.

Plaintiff's condition was expected to last for twelve months or longer.  AR 501.  The ALJ's analysis was based on his own lay opinion, an impermissible practice requiring reversal.[5]

The Commissioner argues that Dr. Fidel had previously found that Plaintiff's symptoms were only mild, and therefore the opinion was inconsistent with the entirety of the medical record. This, however, was not a reason given by the ALJ in determining the weight given to Dr. Fidel's opinion.  The Court declines the Commissioner's invitation to create a post-hoc rationalization. s*ee Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").  Allowing post-hoc justifications would "usurp essential functions committed in the first instance to the administrative process." *Robinson v. Barnhart*, 366 F.3d 1084-85 (10th Cir. 2004).

Because the ALJ relied on his own lay opinion in determining the expected duration of Plaintiff's limitations, the weight given to Dr. Fidel's opinion is not supported by substantial evidence.  As such, the decision is reversed and remanded for further proceedings.[6]

---

[5] The Commissioner admits that Dr. Fidel's form indicates "limitations that would likely preclude all employment."  Def.'s Br. 12.  As such, the error is not harmless.

[6] It also appears the ALJ may have failed to conduct a proper analysis to determine whether Dr. Fidel's opinion was entitled to controlling weight.  The ALJ did not opine as to whether Dr. Fidel's opinion was well-supported by medically acceptable clinical or laboratory diagnostic techniques. Further, the Commissioner argues that the ALJ "reasonably found that Plaintiff's increased symptoms were a logical and predicable result of his medical condition and cancer diagnosis at the time Dr. Fidel gave this opinion" based on Dr. Chance Matthiesen's note.  Def.'s Br. 12.  In other words, the Commissioner seems to argue Dr. Fidel's opinion was consistent a portion of the record.  On remand, the ALJ should consider the appropriate factors to determine whether Dr. Fidel's opinion is entitled to controlling weight.  If the ALJ determines it is not, he should address the appropriate factors in determining what weight, if any, Dr. Fidel's opinion is entitled.

**B.     The Court Does Not Reach Plaintiff's Remaining Points of Error**

The Court does not address Plaintiff's other allegations.  Plaintiff's second allegation may

be affected on remand as the RFC may change after the ALJ conducts a proper analysis of Dr.

Fidel's opinion.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (finding the court

need not reach the merits of claims that "may be affected by the ALJ's treatment of the case on

remand").

**VI.     Conclusion**

For the reasons set forth, the Court reverses the decision of the Commissioner and remands

the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 15th day of February, 2018.

_____

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE